VINCENT and MANINO AH SAN, Plaintiffs

v.

GOVERNOR A.P. LUTALI,
COMMISIONER OF REVENUE, AMERICAN
SAMOA GOVERNMENT, Defendants

High Court of American Samoa
Trial Division

CA No. 87-86

June 29, 1987

Before KRUSE, Associate Justice, OLO, Associate
Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, Charles Ala'ilima
         For Defendants, Martin Yerick Assistant
         Attorney General

Petitioners move for partial summary judgment against the assessment of certain deficiency determinations made by the respondent, American Samoa Government, involving income tax years 1980, 1981 and 1982 upon the ground that the asserted tax deficiencies were barred by the three year statute of limitation provided in the United States Internal Revenue Code, 26 U.S.C. § 6501(a), as adopted by the Territory in A.S.C.A. § 11.0401, with amendments A.S.C.A. §§ 11.0501 et. seq.

At the hearing of petitioners' motion, respondents in their memorandum supplied and filed the day before raised the "fraud" exception, provided in the enactment, whereby a tax may be assessed at <u>any</u> <u>time</u>. No showing of any sort was offered by respondent as to fraud.

Under 26 U.S.C. § 7454 it is provided that the burden of proof in any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax shall be upon the respondent. The courts have held that the standard of requisite proof is "clear and convincing evidence". <u>Kreps v. Commissioner</u>, 351 F.2d 1 (2d Cir. 1965); <u>Carter v. Campbell</u>, 264 F.2d 930 (5th Cir. 1959).

Upon further briefing directed by the Court, respondent abandoned its fraud contention and further advised the Court that it was not opposing summary judgment in favor of petitioners for the year 1981. In lieu of the fraud exception to the general three-year statute of limitation, respondent invokes the six-year limitation exception provided in the Code, 26 U.S.C. § 6501(e)(1)(A). Essentially this enactment provides that in the case of a tax payer omitting from gross income an amount properly includible therein in excess of 25 percent of the amount of gross income stated in the return, the corresponding taxes may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at anytime within six years after the return was filed.

It has been held that this provision is not a penalty statute, but merely provides a longer period in which a deficiency assessment may be made whenever there is an omission of more than 25 percent of gross income stated in the return. <u>Greiger's Estate v. Commissioner</u>, 352 F.2d 221 (8th Cir. 1965) <u>cert.</u> <u>denied</u> 382 U.S. 1012 (1966).

For purposes of this enactment, subparagraph (A) thereof provides that the term "gross income" means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services; and in determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached thereto, in a manner adequate to apprise the government of the nature and amount of such item.

Prior to Congressional supply of this definitional or clarifying subparagraph, the Supreme Court harmoniously interpreted the language "omit from gross income any amount includible therein" as embracing only the omission from a return of an item received by or accruing to the taxpayer, and did not include an understatement of gross income arising from an error in reporting an item disclosed on the face of the return. Colony Inc. v. Commissioner of Internal Revenue, 357 U.S. 28 (1958). In other words, the enactment applied only in those instances concerning data nonexistent on the return; where the return on its face provides no clue to the existence of the omitted items, the Commissioner is at a special disadvantage in detecting errors. On the other hand, there is no disadvantage when the understatement of a tax arises from an error in reporting an item disclosed on the face of the return.

Given, therefore, legislative intendment as to the proper ambit of 26 U.S.C. § 6501(e)(1), we are of the opinion that the reliance by respondent herein on the six-year limitation provision is misplaced for the reason following. By way of explaining the various deficiency notices for years 1980, 1981, and 1982, respondents have documented as follows:

> Due to your failure to submit this office with records requested to substantiate your profit and loss statement, we therefore have no alternative but used all informations as reported on the original returns filed with this office. (Emphasis added).

On these factual assertions by respondents provided as exhibits to the petition and admitted in the answer filed herein, we conclude that the

179

omissions excepted to by respondents pertained to errors disclosed on the face of the return. As a matter of law the six-year limitation provision is inapplicable, and accordingly the general three-year limitation statute governs.

The motion for summary partial judgment is granted and it is so Ordered.